UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEIDI CATERINE RUEDA CRISTANCHO,

    Plaintiff,

v.

GL – STAFFING SERVICES, INC.,
a Florida Profit Corporation; and
MONAT GLOBAL CORP., a Florida
Profit Corporation

    Defendants.

_____/

**COMPLAINT**

    Plaintiff, LEIDI CATERINE RUEDA CRISTANCHO, (hereinafter "Plaintiff" or "RUEDA") by and through her undersigned attorney hereby sues Defendants, GL – STAFFING SERVICES, INC., a Florida Profit Corporation (hereinafter, "GL - STAFFING"), and MONAT GLOBAL CORP., a Florida Profit Corporation (hereinafter, "MONAT")collectively "Defendants") and says:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendants and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)).

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendants.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## **PARTIES**

5. Plaintiff, at all times pertinent to this complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen years old and otherwise *sui juris*.

6. Plaintiff was at all material times prior to her termination, a laborer assigned by GL Staffing to work at MONAT's headquarters site in Doral, Florida.

7. Plaintiff is a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of her employment were altered because of her sex.

8. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf Defendants which places her within a class protected under Title VII and the FCRA.

9. GL-STAFFING, is a Florida profit corporation organized and existing in Florida with its principal place of business in Margate, Florida. GL STAFFING operates several staffing offices throughout the state of Florida.

10. Defendant GL-STAFFING has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)). It is also an "employment agency" as defined by 42 U.S.C. § 2000e(c) and § 760.02(8), FLA. STAT.

11. MONAT is multi-level marketing company which sells haircare products that is organized and existing in Florida with its headquarters in Doral, Florida.

12. Defendant MONAT has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

## CONDITIONS PRECEDENT

13. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against each Defendant with the Equal Employment Opportunity Commission which were dually filed with the Florida Commission on Human Relations.

14. Plaintiff's Charges were filed on or about September 21, 2020. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

15. Plaintiff was issued a Notice of Right to Sue on each case. This suit is filed in accordance with those Notices and within the applicable 90-day time limitation.

16. Plaintiff's Charges of Discrimination were dual filed with the Florida Commission of Human Relations ("FCHR"), the state equivalent of the EEOC. The FCHR has taken no action or issued any determinations with respect to Plaintiff's Charge of Discrimination.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

17. On or about March 2020, Plaintiff began working for GL Staffing. GL STAFFING, subsequently assigned Plaintiff to work at MONAT's headquarters in Doral, to perform cleaning and disinfecting services during all relevant times to this complaint.

18. At all relevant times, Plaintiff was supervised by the GL-STAFFING's on-site manager assigned to MONAT, Maite Ortiz ("Ortiz") and MONAT's employee Martha (LNU).

19. Shortly after the commencement of her employment, and continuing until May 2020, Plaintiff experienced harassment because of her sex, female.

20. Specifically, Plaintiff was subjected to severe and pervasive comments and sexual advances by Daniel Rivero ("Rivero"), MONAT's security supervisor who worked in close proximity to Plaintiff.

21. Specifically, Rivero would often look at Plaintiff in a sexual manner that made her feel uncomfortable and he would also make remarks about Plaintiff's appearance and refer to Plaintiff to others in a sexual manner.

22. Rivero's conduct was so pervasive and severe that other coworkers would tell Plaintiff not to walk in specific areas to prevent being alone with Mr. Rivero.

23. In May 2020, Rivero asked Plaintiff how satisfied she was in her sexual needs. Plaintiff rejected Rivero's advances repeatedly and made it clear that she was not interested.

24. After that incident, Plaintiff made a complaint to Melissa (LNU) in MONAT's Human Resources Department. Plaintiff was told the complaint would be investigated and Rivero would be suspended pending an investigation.

25. Shortly thereafter, Jose Gregorio ("Gregorio") became the security supervisor. Upon information and belief, Gregorio and Rivero were close friends and Gregorio was aware of Plaintiff's complaints.

26. On or about July 20, 2020, approximately a month and half after Plaintiff's complaint, Plaintiff was contacted by Martha (LNU) who advised Plaintiff's position was being eliminated.

27. Plaintiff attempted to contact GL STAFFING's supervisor Ortiz, to inquire on the reason for her termination and to inquire about reassignment. Ortiz advised Plaintiff she had been told that the position was no longer available, and she was not able to assist her.

28. GL STAFFING unreasonably ratified MONAT's termination of Plaintiff and failed to remedy the retaliatory actions taken against her.

29. Plaintiff was never sent back to work at MONAT. Instead, upon information and belief, GL STAFFING sent another female employee to the site to replace Plaintiff.

30. Defendants acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA when they terminated her employment because of her complaint.

25. At all times relevant, Plaintiff was qualified for her position with Defendants in that she worked for Defendants for three months without disciplinary action.

26. Upon information and belief, Defendants' reason for termination (that Plaintiff's position was closed) is pretextual.

31. If, however, the reason(s) proffered by Defendants are found to be with merit, Plaintiff's complaint of harassment was a motivating factor(s) in the decision for the adverse employment action(s).

32. Defendants acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

33. RUEDA has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

34. Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party.

**COUNT I
VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
HOSTILE ENVIRONMENT DISCRIMINATION
against GL-STAFFING SERVICE, INC.**

35. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

36. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

37. Plaintiff is a member of a protected class, to wit, female.

38. The acts, as more particularly alleged above, violated Plaintiff's rights against sex discrimination under Title VII.

39. The unwelcome sexual overtures and/or touching experienced by Plaintiff, were objectively offensive, severe and pervasive enough to alter the terms and conditions of Plaintiff's employment, and were perceived by Plaintiff as being such

40. GL STAFFING is liable for the actions taken against Plaintiff by its agent MONAT, with whom it jointly employed Plaintiff.

41. GL STAFFING failed to prevent and/or remedy the harassment of Plaintiff by Rivero, the individual whom its agent, MONAT, failed to adequately supervise and allowed to continue to work with and harass Plaintiff even after his conduct was continuous.

42. Defendant, notwithstanding both its actual and constructive knowledge of RIVERO's behavior, failed to exercise reasonable care to prevent and correct promptly the harassment, and failed to provide an effective policy against the harassment.

43. As a direct, natural, proximate and foreseeable result of the actions of GL STAFFING, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

44. The discrimination that Plaintiff is suffering, in violation of her statutory right to be free of such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

45. The discrimination against Plaintiff, of which GL STAFFING's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against GL STAFFING to punish it and to dissuade such conduct in the future.

46. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es),benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff RUEDA requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against GL STAFFING to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by GL STAFFING's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### HOSTILE ENVIRONMENT DISCRIMINATION
### against MONAT GLOBAL CORP.

47. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

48. 42 U.S.C. § 2000e-2(a) provides, in pertinent part:

    It is an unlawful employment practice for an employer —
    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ...

49. The acts, as more particularly alleged above, violated Plaintiff's rights against sex discrimination under Title VII.

50. The unwelcome sexual overtures and touching experienced by Plaintiff, were objectively offensive, severe and pervasive enough to alter the terms and conditions of Plaintiff's employment, and were perceived by Plaintiff as being such.

51. Plaintiff is a member of a protected class, to wit, female.

52. MONAT is liable for the actions taken against Plaintiff on behalf of GL STAFFING, with whom it jointly employed Plaintiff.

53. MONAT failed to prevent and/or remedy the harassment of Plaintiff by Rivero, whom it failed to adequately supervise and allowed to harass Plaintiff.

54. Defendant, notwithstanding both its actual and constructive knowledge of Rivero's behavior, failed to exercise reasonable care to prevent and correct promptly the harassment, and failed to provide an effective policy against the harassment.

55. As a direct, natural, proximate and foreseeable result of the actions of defendant, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

56. The discrimination that Plaintiff is suffering, in violation of her statutory right to be free of such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

57. The discrimination against Plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

58. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Mr. Rivero and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff RUEDA requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (HOSTILE ENVIRONMENT DISCRIMINATION)
### against GL-STAFFING SERVICE, INC.

59. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

60. Section 760.10(1), Fla. Stat., provides in pertinent part: It is an unlawful employment practice for an employer:

> (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ... sex...

61. Section 760.10(2), Fla. Stat., provides in pertinent part:

> It is an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of ... sex...

62. The acts, as more particularly alleged above, violated Plaintiff's rights against sex discrimination under the FCRA.

63. The unwelcome sexual overtures experienced by Plaintiff, were objectively offensive, severe and pervasive enough to alter the terms and conditions of Plaintiff's employment, and were perceived by Plaintiff as being such.

64. GL STAFFING is liable for the actions taken against Plaintiff by its agent monat, with whom it jointly employed Plaintiff.

65. GL STAFFING failed to prevent and/or remedy the harassment of Plaintiff by Rivero, the individual whom its agent, MONAT, failed to adequately supervise and allowed to continue to work with and harass Plaintiff.

66. GL STAFFING notwithstanding both its actual and constructive knowledge of Rivero's behavior, failed to exercise reasonable care to prevent and correct promptly the harassment, and failed to provide an effective policy against the harassment.

67. As a direct, natural, proximate and foreseeable result of the actions of defendant, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

68. The discrimination that Plaintiff is suffering, in violation of her statutory right to be free of such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

69. The discrimination against Plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

70. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

WHEREFORE, Plaintiff RUEDA requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (HOSTILE ENVIRONMENT DISCRIMINATION)
### against MONAT GLOBAL CORP.

71. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

72. Section 760.10(1), FLA. STAT., provides in pertinent part: It is an unlawful employment practice for an employer:

   (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ... sex...

73. Section 760.10(2), FLA. STAT., provides in pertinent part:

> It is an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of ... sex...

74. The acts, as more particularly alleged above, violated Plaintiff's rights against sex discrimination under the FCRA.

75. The unwelcome sexual overtures experienced by Plaintiff, were objectively offensive, severe and pervasive enough to alter the terms and conditions of Plaintiff's employment and were perceived by Plaintiff as being such.

76. MONAT is liable for the actions taken against Plaintiff on behalf of GL Staffing, with whom it jointly employed Plaintiff.

77. MONAT failed to prevent and/or remedy the harassment of Plaintiff by Rivero, the individual whom it failed to adequately supervise and allowed to continue to work with and harass Plaintiff.

78. MONAT notwithstanding both its actual and constructive knowledge of Rivero's behavior, failed to exercise reasonable care to prevent and correct promptly the harassment, and failed to provide an effective policy against the harassment.

79. As a direct, natural, proximate and foreseeable result of the actions of defendant, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

80. The discrimination that Plaintiff is suffering, in violation of her statutory right to be free of such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

81. The discrimination against Plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against

discrimination as to entitle Plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

82. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es),benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

WHEREFORE, Plaintiff RUEDA requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## TITLE VII RETALIATION
## AGAINST GL STAFFING

83. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

84. 42 U.S.C. § 2000e-3 provides, in pertinent part:

> (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency . . . to discriminated against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he

has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

85. The reporting of sexual harassment to defendants is statutorily protected expression under Title VII.

86. The adverse actions of the GL STAFFING including its ratification of Plaintiff's termination and its removal of Plaintiff from the site per MONAT'S request, violated Plaintiff's rights against retaliation for complaining about and/or opposing discrimination, which retaliation is proscribed by Title VII.

87. The conduct of defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses.

88. The discrimination against Plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

89. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses against defendant pursuant to 42 U.S.C. § 2000e-5(k).

90. Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, Plaintiff irreparable harm.

WHEREFORE Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional

  reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## TITLE VII RETALIATION AGAINST MONAT

91. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

92. 42 U.S.C. § 2000e-3 provides, in pertinent part:

> (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency . . . to discriminated against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

93. The reporting of sexual harassment to defendants is statutorily protected expression under Title VII.

94. The adverse actions of MONAT, including its termination of Plaintiff and instruction to its principal GL STAFFING, with whom it jointly employed Plaintiff, to remove Plaintiff from the worksite, violated Plaintiff's rights against retaliation for complaining about or opposing discrimination, which retaliation is proscribed by Title VII.

95. The conduct of defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses.

96. The discrimination against Plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

97. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses against defendant pursuant to 42 U.S.C. § 2000e-5(k).

98. Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, Plaintiff irreparable harm.

WHEREFORE Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## FCRA RETALIATION AGAINST GL STAFFING

99. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

100. Section 760.10(7), FLA. STAT., provides, in pertinent part

> It is an unlawful employment practice for an employer, an employment agency . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this section.

101. The reporting of sexual harassment to defendants is statutorily protected expression under the FCRA.

102. The adverse actions of the GL STAFFING including its ratification of Plaintiff's termination and its removal of Plaintiff from the site per MONAT'S request, violated Plaintiff's rights against retaliation for complaining about and/or opposing discrimination, which retaliation is proscribed by the FCRA.

103. The conduct of defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses.

104. The discrimination against Plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

105. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses against defendant pursuant to § 760.11(5), FLA. STAT.

106. Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, Plaintiff irreparable harm.

WHEREFORE Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII
## FCRA RETALIATION AGAINST MONAT

107. Plaintiff incorporates herein the allegations contained in paragraphs 1–34, inclusive, as though same were fully re-written, and says:

108. Section 760.10(7), FLA. STAT., provides, in pertinent part

> It is an unlawful employment practice for an employer, an employment agency . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this section

.

109. The reporting of sexual harassment to defendants is statutorily protected expression under the FCRA.

110. The adverse actions of MONAT, including its termination of Plaintiff and instruction to its principal GL STAFFING, with whom it jointly employed Plaintiff, to remove Plaintiff from the worksite, violated Plaintiff's rights against retaliation for complaining about or opposing discrimination, which retaliation is proscribed by the FCRA.

111. The conduct of defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses.

112. The discrimination against Plaintiff, of which defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against defendant to punish it and to dissuade such conduct in the future.

113. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses against defendant pursuant to § 760.11(5), FLA. STAT.

114. Plaintiff has no plain, adequate or complete remedy at law for the actions of defendant, which have caused, and continue to cause, Plaintiff irreparable harm.

WHEREFORE Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and

retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff LEIDI CATERINE RUEDA CRISTANCHO, demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 7, 2022

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com